UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Eric David Jeter**, #50260,<br>*formerly #288299,*<br>Plaintiff,<br><br>v.<br><br>Major James E. Harris, Director Lexington County<br>Detention Center;<br>Captain Ronald O'Neill, Jail Administrator Lexington<br>County Detention Center;<br>Captain J. B. Quig, Captain Medical Services<br>Lexington County Detention Center;<br>Lt. Kevin Jones, Shift Supervisor Lexington County<br>Detention Center;<br>Sgt. Randall Pfannenstiel, Classification Supervisor,<br>Lexington County Detention Center;<br>John W. Tate, General Counsel Lexington County<br>Detention Center;<br>Nurse Kristin Marzol, Prison Health Service Inc.,<br>Lexington County Detention Center;<br>Head Nurse Tonia Stevens, Director, Head Nurse<br>Prison Health Services Inc., Lexington County<br>Detention Center;<br>Officer Aeschbacher, Lexington County Detention<br>Center;<br>Lexington County Family Court Judge K. Allen; and<br>Lexington County Department of Social Services,<br><br>Defendants.<br>_____ | ) **C/A No. 0:07-00857-GRA-BM**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)REPORT AND RECOMMENDATION<br>)                FOR<br>)  PARTIAL SUMMARY DISMISSAL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. At the

time that Plaintiff filed this action, he was incarcerated at the Lexington County Detention Center.

In the original complaint filed  March 30, 2007, the first amended complaint filed

April 6, 2007, and the proposed amended complaint submitted with Plaintiff's motion to amend the

complaint filed May 2, 2007, Plaintiff alleges constitutional violations regarding his serious medical

needs, his health and safety, his access to courts, and retaliation.  The complaint and amended



complaint name Major James E. Harris, Captain Ronald O'Neill, Captain J. B. Quig,  Lt. Kevin Jones, John W. Tate,  Nurse Kristin Marzol,  Head Nurse Tonia Stevens,  Officer Aeschbacher, Lexington County Family Court Judge K. Allen, and  Lexington County Department of Social Services as the Defendants.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

As the Plaintiff is a pro se litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980);  *Estelle v. Gamble*, 429 U.S. 97 (1976);  *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978)*;  Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978).  Even under this less stringent standard, however, the Defendants Lexington County Department of Social Services and Lexington County Family Court Judge K. Allen are entitled to summary dismissal as party Defendants.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

### Discussion

The Lexington County Department of Social Services is the Lexington County office of the South Carolina Department of Social Services, a state agency.   The South Carolina Department of Social Services is immune from suit in this Court under the Eleventh Amendment to the United States Constitution.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67 (1989);



*Quern v. Jordan*, 440 U. S. 332, 343 (1979); *Coffin v. South Carolina Department of Social Services*, 562 F. Supp. 579, 583-85 (D.S.C. 1983). Therefore, this Defendant is immune from suit in this Court absent its consent. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984).

Under *Pennhurst State School & Hospital v. Halderman*, 465 U.S. at 99 & n. 9, a State must expressly consent to suit in a federal district court, and the State of South Carolina has not consented to suit in a federal court. *See* South Carolina Tort Claims Act, § 15-78-20(e), South Carolina Code of Laws (providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.) *See also McCall v. Batson*, 329 S.E.2d 741, 743 (1985) (Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). Therefore, the Defendant Lexington County Department of Social Services, a county office of a state agency, should be dismissed as a Defendant in this action.

With respect to Lexington County Family Court Judge K. Allen, Plaintiff fails to state any claim against this Defendant. Other than listing Allen in the caption of his complaint, there is no other reference in the complaint to this Defendant. Plaintiff has therefore failed to allege any facts to support a § 1983 claim against this Defendant, entitling him to dismissal. *See Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *see also Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 397 (4th Cir. 1990) (upholding district court's dismissal of defendants where no allegations were made against them or suggested that defendants "played any part in the alleged violation").



Further, even assuming that Plaintiff is attempting to assert claims this Defendant because of his handling of Plaintiff's family court case, as a judge of the State of South Carolina's unified judicial system, Allen is entitled to absolute judicial immunity from suit for damages arising from his judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").  Therefore, Allen should be dismissed as a party Defendant.

## Recommendation

Based on the foregoing, it is recommended that the Court dismiss the Defendants Lexington County Department of Social Services and Lexington County Family Court  Judge K. Allen as party Defendants, *without prejudice* and without issuance and service of process for these Defendants. *See Denton v. Hernandez*, 504 U.S. at 25; *Neitzke v. Williams*, 490 U.S. at 319, 324-25; *Haines v. Kerner*, 404 U.S. at 519; *Brown v. Briscoe*, 998 F.2d 201, 202-04 & n.* (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d at 70; 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

By separate order filed this date, the undersigned has directed that process shall issue



for service on the remaining Defendants.

Respectfully Submitted,

Bristow Marchant
United States Magistrate Judge

May  14, 2007
Columbia, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

